UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CALVIN JOHNSON,

    Plaintiff,

v.                                Case No.  5:18-cv-229-TKW/MJF

STATE OF FLORIDA DEPARTMENT OF
CORRECTIONS, *et al*.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before this court on Defendants' motion for partial summary judgment. (Doc. 67). Plaintiff filed a response in opposition. (Doc. 68). The undersigned recommends that the District Court: (1) grant summary judgment for the Florida Department of Corrections and for Defendants Kenneth May and Brian Jordan on Plaintiff's official-capacity claims; (2) grant summary judgment for Defendants Kenneth May and Brian Jordan on Plaintiff's individual-capacity claims *to the extent Plaintiff seeks compensatory damages*; and (3) remand this action to the undersigned to prepare the case for trial as to Plaintiff's individual-capacity

claims against Defendants Kenneth May and Brian Jordan to the extent Plaintiff seeks nominal and punitive damages.[1]

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Florida Department of Corrections ("FDC"). On June 14, 2016, while an inmate at the Northwest Florida Reception Center, Plaintiff walked through a magnetometer that was manned by Defendant Kenneth May. Although the magnetometer did not alert or indicate that Plaintiff was carrying metal, May sexually "molest[ed], touch[ed], and grope[d]" Plaintiff's genitals without his approval. (Doc. 16 at ¶ 2). Plaintiff alleges that "several times" prior to June 2016, May also sexually assaulted Plaintiff. But Plaintiff does not specify the dates. (*Id.* at ¶ 13).

After Plaintiff reported May's conduct, Defendant Brian Jordan "strangled and physically assaulted" Plaintiff. (*Id.* at ¶ 10). Plaintiff also asserts that despite the FDC knowing that May had a long history of sexually assaulting inmates, the FDC failed to prevent May from sexually assaulting him. (Doc. 16 at ¶¶ 18-19).

Through his attorney, Plaintiff filed this section 1983 case against May, the FDC, and Jordan. Although Plaintiff does not specify, this court will presume that

---

[1] The District Court referred this case to the undersigned to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

Plaintiff is suing Defendants May and Jordan in their official and individual capacities. Plaintiff asserts the following Eighth-Amendment claims: (1) a claim that May sexually assaulted him; (2) a claim that the FDC failed to protect him and prevent the alleged sexual assault; and (3) a claim against Jordan for unnecessary use of force. (Doc. 16 at ¶ 2).[2] Plaintiff seeks "a judgment for damages." (*Id.* at 4).

## II. STANDARD

Rule 56 of the Federal Rules of Civil Procedure states that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "genuine" dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). An issue of fact is "material" if it could affect the outcome of the case. *Anderson*, 477 U.S. at 248.

---

[2] Plaintiff alleges in a conclusory fashion that after he reported May's misconduct prison officials retaliated against him by finding him guilty of a false disciplinary report. (Doc. 1 at ¶ 11). Even if the District Court generously were to construe this allegation as an attempt to assert a First-Amendment claim of retaliation, May would be entitled to summary judgment because Plaintiff was found guilty of the charge in the disciplinary report after being afforded due process, and the disciplinary team's findings were supported by some evidence. *O'Bryant v. Finch*, 637 F.3d 1207 (11th Cir. 2011).

When addressing a motion for summary judgment, a court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Hickson*, 357 F.3d at 1260 (quoting *Anderson*, 477 U.S. at 251-52). At "the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. A "scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry . . . asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict . . . ." *Id.* at 252. In evaluating a summary judgment motion, all "justifiable inferences" must be resolved in the nonmoving party's favor so long as there is a genuine dispute as to those facts. *Beard v. Banks*, 548 U.S. 521, 529 (2006).

### III. DISCUSSION

**A.  Plaintiff's Claim Against the FDC and the Official-Capacity Claims Against May and Jordan are Barred by Eleventh-Amendment Immunity**

Defendants assert that the Eleventh Amendment bars Plaintiff's claim against the FDC and his official-capacity claims against May and Jordan. (Doc. 67 at 5-6).

The Eleventh Amendment is generally a bar to suit for monetary damages by an individual against a state or its agencies, or against officers or employees of the

state or its agencies in their official capacity unless a state waives this immunity or Congress abrogates it. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Seminole Tribe of Florida v. State of Fla.*, 11 F.3d 1016, 1021 (11th Cir. 1994) (citing *Penhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984)). The FDC, a state agency, is "clearly the equivalent of the State of Florida for the Eleventh Amendment purposes" *See Walden v. Fla. Dep't of Corr.*, 975 F. Supp. 1330, 1331 (N.D. Fla. 1996).

The FDC and its employees in their official capacity are immune from suit for monetary damages under the Eleventh Amendment because Congress did not abrogate the State's Eleventh-Amendment immunity in Section 1983 damage suits and Florida has not waived its sovereign immunity. *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986) ("It is clear that Congress did not intend to abrogate a state's eleventh amendment immunity in Section 1983 damage suits, [and] Florida's limited waiver of sovereign immunity was not intended to encompass section 1983 suits for damages.") (internal citation and quotations omitted). In other words, the Eleventh Amendment bars Plaintiff's claim for monetary damages against the FDC and Defendants May and Jordan in their official capacities. *See Edelman*, 415 U.S. at 662-63. Accordingly, Defendants are entitled to summary judgment as to Plaintiff's official capacity claim and the claim against the FDC, and Defendant FDC should be dismissed from this action.

B.  **Plaintiff's Individual-Capacity Claims For Compensatory Damages Against May and Jordan are Barred by the PLRA**

May and Jordan also seek summary judgment on Plaintiff's individual-capacity claims for compensatory damages because Plaintiff's alleged "physical injury" is *de minimis* and does do not qualify for such relief. (Doc. 67 at 6-9). They argue that—at most—he is entitled to nominal damages. (*Id.*).

The Prisoner Litigation Reform Act of 1995, Pub. L. No. 104–134, 110 Stat. 1321 (1996) ("PLRA"), was enacted "[i]n an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc). Part of the PLRA has been interpreted to preclude inmates from recovering compensatory damages for lawsuits claiming constitutional violations when filed while the inmate is in custody, unless the inmate-plaintiff suffered a physical injury or a sexual act. *See* 42 U.S.C. § 1997e(e); *see Al-Amin v. Smith*, 637 F.3d 1192, 1199 (11th Cir. 2011); *Harris*, 216 F.3d at 984-85. The relevant provision states:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18).

42 U.S.C. § 1997e(e). Section 1997e(e) precludes an award of compensatory damages in relevant cases when there was no physical injury or the commission of a sexual act, or when any injury was *de minimis*. *Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015); *Al-Amin*, 637 F.3d at 1199. To survive a motion for summary

judgment on the basis of § 1997e(e), a plaintiff must establish that he was the victim of a physical injury that was more than merely a *de minimis* one or was the victim of a sexual act. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312-13 (11th Cir. 2002).

As to a physical injury, it "need not be significant but must be more than *de minimis*." *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002); *see Logan v. Hall*, 604 F. App'x 838, 840 (11th Cir. 2015) ("we have held that the injury need not be significant"); *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010) (holding that the physical injury required by § 1997e(e) "need not be significant" but "must be more than *de minimis*"). There is "no consensus for how to determine when a physical injury is 'greater than de minimis.'" *Thompson v. Smith*, 805 F. App'x 893, 904 (11th Cir. 2020); *Chatham v. Adcock*, 334 F. App'x 281, 284 (11th Cir. 2009). There certainly is no "bright line" test for whether an injury is *de minimis*; instead, it is a fact-intensive inquiry. But an injury certainly would be *de minimis* if it entailed only "a routine discomfort associated with confinement." *Thompson*, 805 F. App'x at 904 (citing *Alexander v. Tippah Cnty.*, 351 F.3d 626, 631 (5th Cir. 2003); *Harris v. Garner*, 190 F.3d 1279, 1287 (11th Cir. 1999)).

Fleeting pain or mere discomfort is insufficient to meet the "physical injury" standard of § 1997e(e). *Dixon v. Toole*, 225 F. App'x 797, 799 (11th Cir. 2007); *Oliver*, 289 F.3d at 629 (holding that back and leg pain allegedly caused by an

overcrowded cell was insufficient to satisfy the physical injury requirement because by the inmate's own admission it was "nothing too serious"). Likewise, minor cuts and bruises are typically *de minimis* physical injuries. *See, e.g.*, *Dixon*, 225 F. App'x at 799 ("[M]ere bruising from the application of restraints is only a *de minimis* injury."); *Nolin v. Isbell*, 207 F.3d 1253, 1258 n.4 (11th Cir. 2000) (bruises received during an arrest were non-actionable *de minimis* injury); *Harris*, 190 F.3d at 1286 (holding that a forced "dry shave" was a *de minimis* injury); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (noting that "a sore, bruised ear lasting for three days" was a *de minimis* injury).

However, injuries which cause bleeding, swelling, cuts, and bruising can be considered more than *de minimis*. *See, e.g.*, *Hudson v. McMillian*, 503 U.S. 1, 10 (1992) (holding that bruises, swelling, loosened teeth, and a cracked dental plate more than a *de minimis* injury to support Eighth Amendment violation); *Johnson v. Breeden*, 280 F.3d 1308, 1312 (11th Cir. 2002) (holding that a head injury which caused swelling and seizures, along with cuts and bruises to the face, shoulders, and upper back, were was more than *de minimis* injuries).

Alternatively, a plaintiff may survive summary judgment by alleging that he was a victim of a "sexual act" as defined in 18 U.S.C. § 2246. Section 2246 of Title 18 of the United State Code defines a "sexual act" as:

(A) Contact between the penis and the vulva or penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;

(B) Contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;

(C) The penetration, however slight, of the anal or the genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade or arouse or gratify the sexual desire of any person; or

(D) The intentional touch, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, degrade, or arouse or gratify the sexual desire of any person.

18 U.S.C. § 2246(2)(A)-(D).

### 1. *Plaintiff's Sexual Assault Claim Against May*

Plaintiff has not put forth sufficient evidence to create a genuine issue as to whether May inflicted an injury that was more than *de minimis* or whether May committed a "sexual act" as defined by 18 U.S.C. § 2246.

In his unverified amended complaint,[3] Plaintiff alleges that he sustained "physical, psychological, and emotional injuries as a result of the *sexual harassment*

---

[3] Although a court may accept a verified complaint as evidence in response to a motion for summary judgment, an unverified complaint is not evidence that a court may consider in adjudicating a motion for summary judgment. *See Sears v. Roberts*, 922 F.3d 1199, 1206 (11th Cir. 2019); *Barker v. Norman*, 651 F.2d 1107, 1115 (5th Cir. Unit A 1981).

and requires medical and or psychological treatment for the injuries" and that these "injuries were not diminimus [sic]." (Doc. 16 at ¶ 20) (emphasis added). He also alleges that as "a result of the *sexual harassment*," he suffered "emotionally, physically, and psychologically." (*Id.* at ¶ 21) (emphasis added). Plaintiff has failed to offer any evidence on these points, not even an affidavit by Plaintiff.

Plaintiff also failed to provide any evidence that he was a victim of a "sexual act." Indeed, Plaintiff does not allege in his amended complaint that May committed a "sexual act" as that term is defined in 18 U.S.C. § 2246. Rather, Plaintiff alleges only that May groped Plaintiff through his clothing. Although such conduct is outrageous, it does not constitute a "sexual act." *See* 18 U.S.C. § 2246(2)(A)-(D). Because the PLRA requires the commission of a "sexual act" before a court may award compensatory damages, an allegation of sexual contact is insufficient for an award of compensatory damages. 42 U.S.C. § 1997e(e); *Graham v. Elliott*, No. 1:17-CV-68-MW-GRJ, 2018 WL 3625863, at *3 (N.D. Fla. June 27, 2018), report and recommendation adopted, No. 1:17CV68-MW/GRJ, 2018 WL 3622810 (N.D. Fla. July 30, 2018) (citing *Mattison v. Williams*, No. 5:14-cv-187-OC-29PRL, 2015 WL 476183, at *3 (M.D. Fla. Feb. 5, 2015)).

To overcome his failure to submit sufficient evidence, at the end of his two-page response to Defendants' motion for summary judgment, Plaintiff contends that

"the records supporting these allegations were destroyed." (Doc. 68 at ¶ 7). Plaintiff does not specify:

- the nature or type of records that allegedly were destroyed;
- the author of the records;
- exactly what those records would have established;
- the person or persons who allegedly destroyed the records;
- the date the records were destroyed;
- whether the destruction of the records was intentional or the result of negligence;
- whether Plaintiff had asked the custodian of the records to retain them or otherwise alerted the custodian that they should be preserved in light of impending or actual litigation;
- whether the destruction of the records violated the Federal Rules of Civil Procedure; and
- whether a spoliation inference is warranted and whether Plaintiff established the prerequisites for such an inference.

A conclusory assertion that "the records supporting these allegations were destroyed" simply is insufficient to create a genuine issue of material fact and is insufficient to warrant an adverse inference because of spoliation of evidence. *See*

*Mann v. Taser Int'l Inc.*, 588 F.3d 1291, 1310 (11th Cir. 2009) (noting that "mere negligence in losing or destroying records is not sufficient to draw an adverse inference"); *Hodge v. Wal-Mart Stores, Inc.*, 360 F.3d 446, 450 (4th Cir. 2004) (noting that an adverse inference against a party whose intentional conduct caused the destruction of evidence cannot be drawn merely from negligent loss or destruction of evidence; "the inference requires a showing that the party knew the evidence was relevant to some issue at trial and that his willful conduct resulted in its loss or destruction").

Furthermore, even if evidence had been destroyed, Plaintiff does not even allege in his amended complaint that he was the victim of a "sexual act" as that term is defined by 18 U.S.C. § 2246. Rather, Plaintiff alleges only sexual conduct on the part of May. Accordingly, even if Plaintiff presented an infinite quantity of evidence in support of the allegations in his amended complaint, that would not be sufficient to prevail, because the facts as alleged by Plaintiff simply do not amount to a "sexual act."

Because Plaintiff has failed to create a genuine issue of material fact as to at least one element of his claim, May is entitled to summary judgment on Plaintiff's claim for compensatory damages from the alleged sexual assault. Plaintiff is not, however, precluded from his claim for nominal damages.

### 2. *Plaintiff's Unnecessary Force Claim Against Jordan*

Plaintiff also has not put forth sufficient evidence to create a genuine issue as to whether Jordan inflicted an injury that was more than *de minimis*.

In his *unverified* complaint, Plaintiff alleges that Jordan inflicted an injury that was more than *de minimis*. Plaintiff, however, has not adduced any evidence in support of his claim that Jordan inflicted more than a *de minimis* jury. Conclusory allegations are insufficient to withstand summary judgment. *See Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (holding that summary judgment is appropriate where a plaintiff produces nothing "beyond his own conclusory allegations"); *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991) (noting that mere "conclusory allegations or legal conclusions" are insufficient to withstand summary judgment).

Beyond the conclusory nature of Plaintiff's allegations, a party simply "cannot rest on the allegations contained in his complaint in opposition to a properly supported summary judgment motion made against him . . . ." *Fist Nat'l Bank of Ariz. v. Cities Servs., Co.*, 391 U.S. 253, 289 (1968). "[T]o oppose [a] properly supported motion for summary judgment, [the non-movant] must come forward with specific factual evidence, presenting more than mere allegations." *Gargiulo v. G.M. Sales, Inc.*, 131 F.3d 995, 999 (11th Cir. 1997). An unverified complaint simply is insufficient to withstand a supported motion for summary judgment. *See Mosley v.*

*MeriStar Mgmt. Co.*, 137 F. App'x 248, 252 n.3 (11th Cir. 2005); *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980).

As with his claim against May, to overcome his lack of evidence, Plaintiff contends that medical records relating to the alleged strangulation "no longer exist" in the custody of the State of Florida. (Doc. 68 at ¶ 7). But that unsubstantiated and conclusory allegation is insufficient to withstand summary judgment or to warrant an adverse inference because of spoliation of evidence.

Because Plaintiff has failed to create a genuine issue of material fact as to at least one element of his claim against Jordan, Jordan is entitled to summary judgment on Plaintiff's individual-capacity claim for compensatory damages that Jordan used unnecessary force on Plaintiff.

## IV. Conclusion

For the reasons set forth above, the undersigned respectfully recommends:

1. Defendants' motion for summary judgment (Doc. 67) be **GRANTED**.

2. Summary judgment be **GRANTED** in favor of the FDC and in favor of Defendants May and Jordan on Plaintiff's official-capacity claims.

3. Summary judgment be **GRANTED** in favor of Defendant May and Jordan on Plaintiff's individual-capacity claims to the extent he seeks compensatory damages.

4.  The clerk of the court be directed to update the docket to reflect that the only remaining Defendants are May and Jordan.

5.  The District Court recommit this case to the undersigned magistrate judge to prepare the case for trial on Plaintiff's claims against May and Jordan to the extent Plaintiff seeks nominal and punitive damages.

At Pensacola, Florida, this <u>11th</u> day of May, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**