UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CALVIN JOHNSON,

    Plaintiff,

v.                                  Case No. 5:18-cv-229-TKW/MJF

STATE OF FLORIDA, DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
                                      /

**ORDER**

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 69). No objections were filed. Upon due consideration of the Report and Recommendation and the case file, the Court agrees with the magistrate judge's recommended disposition of what he properly characterizes as Defendants' motion for partial[1] summary judgment. This disposition leaves only a

---

[1] The motion is not styled as a motion for partial summary judgment, but that is what it is because Defendants do not argue that they are entitled to judgment as a matter of law on all the claims in the amended complaint and they do not cite any record evidence suggesting the absence of any genuine dispute as to the material facts alleged in the amended complaint. Instead, Defendants only argue that they are entitled to judgment on certain aspects of the claims. *See* Doc. 67, at 10 (arguing that the Court should grant summary judgment for the Florida Department of Corrections on the grounds of Eleventh Amendment immunity and grant summary judgment in favor of the individual defendants on Plaintiff's compensatory damages claims).

claim for nominal damages (and, possibly,[2] punitive damages) against Defendants May and Jordan in their individual capacities.

Accordingly, it is **ORDERED** that:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. Defendants' motion for partial summary judgment (Doc. 67) is **GRANTED** with respect to (a) the claims against the Florida Department of Corrections, (b) the official capacity claims against Defendants May and Jordan, and (c) the claims for compensatory damage against Defendants May and Jordan in their individual capacities.

---

[2] The Court expresses no view as to whether Plaintiff can recover punitive damages in this case because even though the Eleventh Circuit recently held that §1997e(e) does not preclude an award of punitive damages in the absence of physical injury, *see Hoever v. Marks*, 993 F.3d 1353, 1357 (11th Cir. 2021) (en banc), Plaintiff did not specifically request punitive damages in the ad damnum clause of the amended complaint and it is questionable whether the factual allegations in the complaint are sufficient to demonstrate the willfulness, wantonness, bad faith, or flagrant disregard of Plaintiff's rights that is necessary to support an award of punitive damages under §1983. *See Rojas v. City of Ocala*, 315 F. Supp. 3d 1256, 1289-90 (M.D. Fla. 2018) (distinguishing *Scutieri v. Paige*, 808 F.2d 785 (11th Cir. 1987), and precluding plaintiffs from asserting a claim for punitive damages because the claim was not pled in the complaint and the factual allegations in the complaint were insufficient to support a claim for punitive damages or put the defendants on notice of the claim); *see also Factory Direct Tires, Inc. v. Cooper Tire & Rubber Co.*, 2013 WL 12099993, at *2 (N.D. Fla. Sept. 23, 2013); *Ramjeawan v. Bank of Am. Corp.*, 2010 WL 1882262, at *2 (S.D. Fla. May 11, 2010). The Court defers consideration of this issue to the magistrate judge in the first instance if and when it is raised.

3. The claims against the Florida Department of Corrections are **DISMISSED with prejudice**, and the Clerk shall terminate the Department as a defendant in CM/ECF.

4. The case is recommitted to the magistrate judge to prepare the case for trial on the remaining claims against Defendants May and Jordan in their individual capacities.

**DONE AND ORDERED** this 1st day of June, 2021.

*T. Kent Wetherell, II*
_____
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**